## SMITH v. DAVIS.

ADMINISTRATION: *Allowance for expenses of deceased administrator.*

When an administrator expends money in preserving the estate of his intestate and dies without having presented an account thereof to the probate court, leaving his accounts unsettled, the sum thus expended may be allowed as expenses of administration on a final settlement of his accounts which may be had at the instance of his personal representative. But until such settlement and until it is shown thereby that a balance is due the deceased administrator, his administrator can collect nothing from the estate he has administered, on account of such expenditure.

APPEAL from *Crittenden* Circuit Court.

J. E. RIDDICK, Judge.

*W. M. Randolph*, for appellant.

The manifest purpose of the present proceeding is to avoid a settlement by Mrs. Eliza Wallace, or her representative, of her administration of R. C. Wallace's estate, and to collect from that estate the sums of money which she or her representatives have paid, without reference to the state of her accounts as administratrix, or the amount of her indebtedness to the estate on a proper settlement of her administration. I submit this cannot be done. *Underwood v. Milligan*, 10 Ark., 254; *Bomford v. Grimes*, 17 Ark, 567; *Tyner v. Christian*, 27 Ark., 306; *Yarborough v. Ward*, 34 Ark., 204.

2. The claims were barred.

*E. F. Adams*, for appellee.

That these were just claims against the estate, being for attorneys' fees and taxes, and were entitled to be allowed as expenses of administration, see 30 Ark., 520; 27 Ark., 306; 30 Id., 312; 34 Id., 204; 38 Id., 139. The administratrix clearly had the right to have these claims allowed, and having died her representative has the same right. Authorities *supra*.

COCKRILL, C. J.

In this case an administrator expended money for the preservation of his intestate's estate, and died without having made a settlement of his accounts, and without having presented to the probate court an account of his expenditures to be allowed as expenses of administration. His personal representative presented to the administrator *de bonis non* of the first estate a duly verified claim for the money expended, to be allowed against the estate upon which his intestate had administered. The circuit court, on appeal, allowed a part

of the claim and ordered that it be paid. The administrator *de bonis non* has appealed.

The administrator of the deceased administrator could collect nothing of the estate upon which his intestate had administered on account of expenses incurred by him in preserving the estate, until the accounts of his intestate with that estate had been audited by the probate court. Money expended by an administrator in the preservation of the estate may be allowed by that court as expenses of administration on a final settlement of the accounts of the deceased administrator, which may be had at the instance of his personal representative; and any balance found due him on the settlement should be paid by the estate upon which he administered. But the representative of the deceased administrator cannot collect the expenses of administration from the estate upon which his intestate administered in disregard of the state of the latter's accounts. It is only the balance due the deceased administrator after final settlement of his accounts that his administrator can collect. It was error to allow the claims, and direct their payment without a showing that a final settlement of the accounts had been had. See *Yarborough v. Ward*, 34 Ark., 204; *Nathan v. Lehman*, 39 Ib., 256.

*Expenses of administration: Allowance of.*

Reversed and remanded.